AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| This document relates to | ) ) |
| OWEN L. MAY, et al., | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), and MONSANTO COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) ) |

MDL Docket No. 1699

CASE NO. 3:08-cv-1590-CRB

**PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3    ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4    Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5    follows:

**I.**

**PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10   generally.   Defendants may seek leave to amend this Answer when discovery reveals the

11   specific time periods in which Plaintiffs were prescribed and used Celebrex®.

**II.**

**ANSWER**

**Response to Allegations Regarding Parties**

15   1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16   deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20   time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21   marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22   healthcare providers who are by law authorized to prescribe drugs in accordance with their

23   approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 11, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

2   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

3   and deny the remaining allegations in this paragraph of the Complaint.

4   7.      Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

6   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

7   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

8   and deny the remaining allegations in this paragraph of the Complaint.

9   8.      Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

11  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

12  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14  9.      Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

16  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

17  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

18  and deny the remaining allegations in this paragraph of the Complaint.

19  10.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

21  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

23  and deny the remaining allegations in this paragraph of the Complaint.

24  11.     Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

26  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

27  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

28  and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

2    and deny the remaining allegations in this paragraph of the Complaint.

3    18.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

5    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

6    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

7    and deny the remaining allegations in this paragraph of the Complaint.

8    19.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

9    business in New York.  Defendants admit that, as the result of a merger in April 2003,

10   Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

11   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

12   are without knowledge or information sufficient to form a belief as to the truth of such

13   allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

14   time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

15   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

17   paragraph of the Complaint.

18   20.    Defendants admit that Searle is a Delaware limited liability company with its principal

19   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

20   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

21   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

22   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

23   Celebrex® in the United States to be prescribed by healthcare providers who are by law

24   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

25   the remaining allegations in this paragraph of the Complaint.

26   21.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

27   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

28   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.  Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

22.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Jurisdiction and Venue

23.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

24.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

25.     Defendants are without knowledge or information to form a belief as to the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny committing a tort in the States of California, Arkansas, Minnesota, Florida, Michigan, New York, Pennsylvania, New Hampshire, Missouri, and Maine, and deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of California, Arkansas, Minnesota, Florida, Michigan, New York, Pennsylvania, New Hampshire, Missouri, Maine, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

27.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    32.    Defendants state that the allegations in this paragraph of the Complaint are not directed
2    towards Defendants and, therefore, no response is required.  To the extent that a response is
3    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the
4    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information
5    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

6    33.    Defendants state that the allegations in this paragraph of the Complaint are not directed
7    towards Defendants and, therefore, no response is required.  To the extent that a response is
8    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the
9    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information
10   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11   34.    Defendants state that the allegations in this paragraph of the Complaint are not directed
12   towards Defendants and, therefore, no response is required.  To the extent that a response is
13   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the
14   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information
15   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

16   35.    Defendants state that the allegations in this paragraph of the Complaint are not directed
17   towards Defendants and, therefore, no response is required.  To the extent that a response is
18   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the
19   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information
20   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21   36.    Defendants state that the allegations in this paragraph of the Complaint regarding "other
22   pharmaceutical companies" are not directed towards Defendants and, therefore, no response is
23   required.  To the extent a response is deemed required, Defendants state that, as stated in the
24   FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to
25   be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2
26   (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the
27   cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the
28   remaining allegations in this paragraph and Defendants therefore lack sufficient information or

knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2  accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

3  and effective when used in accordance with its FDA-approved prescribing information.

4  Defendants state that the potential effects of Celebrex® were and are adequately described in its

5  FDA-approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

7  remaining allegations in this paragraph of the Complaint.

8  40.    Defendants state that the referenced article speaks for itself and respectfully refer the

9  Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

12  this paragraph of the Complaint.

13  41.    Defendants state that the referenced article speaks for itself and respectfully refer the

14  Court to the article for its actual language and text.  Any attempt to characterize the article is

15  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  42.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny the allegations in this paragraph of the Complaint.

23  43.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

44.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2  paragraph of the Complaint.

3  49.    Defendants state that the referenced articles speak for themselves and respectfully refer

4  the Court to the articles for their actual language and text.  Any attempt to characterize the

5  articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

6  refer the Court to the study for its actual language and text.  Any attempt to characterize the

7  study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8  50.    Defendants state that the referenced Medical Officer Review speaks for itself and

9  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

10  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

11  allegations in this paragraph of the Complaint.

12  51.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

13  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

14  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

15  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  52.    Defendants state that the referenced study speaks for itself and respectfully refer the

17  Court to the study for its actual language and text.  Any attempt to characterize the study is

18  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

19  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

20  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  53.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

23  referenced article speaks for itself and respectfully refer the Court to the article for its actual

24  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

25  remaining allegations in this paragraph of the Complaint.

26  54.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

27  referenced article speaks for itself and respectfully refer the Court to the article for its actual

28  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

remaining allegations in this paragraph of the Complaint.

55.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that the referenced FDA Class Review speaks for itself and respectfully refer the Court to the CLASS Review for its actual language and text. Any attempt to characterize the CLASS Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that the referenced Medical Officer Review speaks for itself and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

2    attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

3    allegations in this paragraph of the Complaint.

4    61.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx®

5    in this paragraph of the Complaint are not directed toward Defendants, and therefore no

6    response is required. To the extent that a response is deemed required, Plaintiffs fail to provide

7    the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in

8    this paragraph of the Complaint. Defendants therefore lack sufficient information or

9    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

10   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

11   the study for its actual language and text. Any attempt to characterize the study is denied.

12   Defendants deny the remaining allegations in this paragraph of the Complaint.

13   62.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

14   and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

15   therefore no response is required. To the extent that a response is deemed required, Plaintiffs

16   fail to provide the proper context for the allegations in this paragraph of the Complaint

17   regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack

18   sufficient information or knowledge to form a belief as to the truth of such allegations and,

19   therefore, deny the same. Defendants state that the referenced study speaks for itself and

20   respectfully refer the Court to the study for its actual language and text. Any attempt to

21   characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

22   the Complaint.

23   63.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

24   and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

25   therefore no response is required. To the extent that a response is deemed required, Plaintiffs

26   fail to provide the proper context for the allegations in this paragraph of the Complaint

27   regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack

28   sufficient information or knowledge to form a belief as to the truth of such allegations and,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

65.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

67.     Defendants deny the allegations in this paragraph of the Complaint.

68.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

69.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

70.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

73.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

74.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

2   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

3   and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

4   paragraph of the Complaint.

5   76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Celebrex® were and are adequately described in its FDA-approved prescribing information,

8   which at all times was adequate and comported with applicable standards of care and law.

9   Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

10  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

11  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

12  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

13  allegations in this paragraph of the Complaint.

14  77.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

19  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

20  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

22  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

23  United States to be prescribed by healthcare providers who are by law authorized to prescribe

24  drugs in accordance with their approval by the FDA.   Defendants deny the remaining

25  allegations in this paragraph of the Complaint.

26  78.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which at all times was adequate and comported with applicable standards of care and law.

2   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

3   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

6   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

7   United States to be prescribed by healthcare providers who are by law authorized to prescribe

8   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

9   allegations in this paragraph of the Complaint.

10  79.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  80.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  81.    Defendants deny the allegations in this paragraph of the Complaint.

23  82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

1

2

3

4

5

6

7

8

9

10

11

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

83.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to

the study for its actual language and text.  Any attempt to characterize the study is denied.
Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the
truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
effective when used in accordance with its FDA-approved prescribing information.  Defendants
state that the potential effects of Celebrex® are and were adequately described in its FDA-
approved prescribing information, which was at all times adequate and comported with
applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
remaining allegations in this paragraph of the Complaint.

## Response to First Cause of Action: Negligence

89.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'
Complaint as if fully set forth herein.

90.     Defendants state that this paragraph of the Complaint contains legal contentions to
which no response is required.  To the extent that a response is deemed required, Defendants
admit that they had duties as are imposed by law but deny having breached such duties.
Defendants state that Celebrex® was and is safe and effective when used in accordance with its
FDA-approved prescribing information.  Defendants state that the potential effects of
Celebrex® were and are adequately described in its FDA-approved prescribing information,
which was at all times adequate and comported with applicable standards of care and law.
Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
the Complaint.

91.     Defendants state that this paragraph of the Complaint contains legal contentions to
which no response is required.  To the extent that a response is deemed required, Defendants
admit that they had duties as are imposed by law but deny having breached such duties.
Defendants state that Celebrex® was and is safe and effective when used in accordance with its
FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information. Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law. Defendants deny any wrongful conduct, deny that

6    Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

7    paragraph of the Complaint.

8    96.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

10   Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that

11   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

12   paragraph of the Complaint.

13   97.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15   98.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17            **Response to Second Cause of Action: Strict Liability**

18   99.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

19   Complaint as if fully set forth herein.

20   100.   Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22   Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of

23   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

24   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

25   with their approval by the FDA. Defendants admit that, during certain periods of time,

26   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

27   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

28   providers who are by law authorized to prescribe drugs in accordance with their approval by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-25-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

104.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

1    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information. Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law. Defendants deny any wrongful conduct, deny that

6    Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

7    remaining allegations in this paragraph of the Complaint.

8    106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information. Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

13   remaining allegations in this paragraph of the Complaint.

14   107.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

17   effective when used in accordance with its FDA-approved prescribing information. Defendants

18   state that the potential effects of Celebrex® were and are adequately described in its FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

21   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

22   remaining allegations in this paragraph of the Complaint.

23   108.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information. Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   damage, and deny the remaining allegations in this paragraph of the Complaint.

2   **Response to Third Cause of Action: Breach of Express Warranty**

3   115.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4   Complaint as if fully set forth herein.

5   116.   Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants admit that they provided FDA-approved

12  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

13  this paragraph of the Complaint.

14  117.   Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants admit that they provided FDA-approved

21  prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

22  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

23  118.   Defendants admit that they provided FDA-approved prescribing information regarding

24  Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25  paragraph of the Complaint.

26  119.   Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

125.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

126.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® was expected to reach users and consumers without substantial change from the

2  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  131.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6  effective when used in accordance with its FDA-approved prescribing information.  Defendants

7  state that the potential effects of Celebrex® were and are adequately described in its FDA-

8  approved prescribing information, which was at all times adequate and comported with

9  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

10  breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

11  132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12  damage, and deny the remaining allegations in this paragraph of the Complaint.

13  133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

14  damage, and deny the remaining allegations in this paragraph of the Complaint.

15  134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

16  damage, and deny the remaining allegations in this paragraph of the Complaint.

17  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

18  135.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

19  Complaint as if fully set forth herein.

20  136.    Defendants state that this paragraph of the Complaint contains legal contentions to

21  which no response is required.  To the extent that a response is deemed required, Defendants

22  admit that they had duties as are imposed by law but deny having breached such duties.

23  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

24  FDA-approved prescribing information.    Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

1    137.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint, including all subparts.

7    138.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   139.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

20   Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

21   paragraph of the Complaint.

22   140.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   141.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

146.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

147.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

148.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

149.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

150.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

151.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

1    state that the potential effects of Celebrex® were and are adequately described in its FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4    remaining allegations in this paragraph of the Complaint.

5    156.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7                          **Response to Prayer for Relief**

8            Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

10   Relief," including all subparts.

11                                **III.**

12                          **GENERAL DENIAL**

13           Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

14   Complaint that have not been previously admitted, denied, or explained.

15                                **IV.**

16                          **AFFIRMATIVE DEFENSES**

17           Defendants reserve the right to rely upon any of the following or additional defenses to

18   claims asserted by Plaintiffs to the extent that such defenses are supported by information

19   developed through discovery or evidence at trial.  Defendants affirmatively show that:

20                            **First Defense**

21   1.      The Complaint fails to state a claim upon which relief can be granted.

22                            **Second Defense**

23   2.      Celebrex® is a prescription medical product.  The federal government has preempted

24   the field of law applicable to the labeling and warning of prescription medical products.

25   Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

26   federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

27   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

28   and violate the Supremacy Clause of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

### Fifth Defense

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable

1    federal laws, regulations, and rules.

2                          **Twenty-fifth Defense**

3    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

4    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

5    of Comment j to Section 402A of the Restatement (Second) of Torts.

6                          **Twenty-sixth Defense**

7    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

8    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

9    Restatement (Second) of Torts § 402A, Comment k.

10                         **Twenty-seventh Defense**

11   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

12   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

13   to § 6 of the Restatement (Third) of Torts: Products Liability.

14                         **Twenty-eighth Defense**

15   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16   Products Liability.

17                         **Twenty-ninth Defense**

18   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

19   facts sufficient under the law to justify an award of punitive damages.

20                         **Thirtieth Defense**

21   30.    Defendants affirmatively aver that the imposition of punitive damages in this case

22   would violate Defendants' rights to procedural due process under both the Fourteenth

23   Amendment of the United States Constitution and the Constitutions of the States of California,

24   Arkansas, Minnesota, Florida, Michigan, New York, Pennsylvania, New Hampshire, Missouri,

25   and Maine, and would additionally violate Defendants' rights to substantive due process under

26   the Fourteenth Amendment of the United States Constitution.

27                         **Thirty-first Defense**

28   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-41-

Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.   The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.   Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.   In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.   Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.   To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.   Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.   To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable provisions of the Constitutions of the States of Arkansas, Minnesota, Florida, Michigan, New York, Pennsylvania, New Hampshire, Missouri, Maine, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-43-

1    existing at the time of the sale.

2    **Forty-first Defense**

3    41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

4    information and belief, such injuries and losses were caused by the actions of persons not

5    having real or apparent authority to take said actions on behalf of Defendants and over whom

6    Defendants had no control and for whom Defendants may not be held accountable.

7    **Forty-second Defense**

8    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

9    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

10    intended, and was distributed with adequate and sufficient warnings.

11    **Forty-third Defense**

12    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

13    waiver, and/or estoppel.

14    **Forty-fourth Defense**

15    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

16    pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

17    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

18    independent of or far removed from Defendants' conduct.

19    **Forty-fifth Defense**

20    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

21    did not proximately cause injuries or damages to Plaintiffs.

22    **Forty-sixth Defense**

23    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

24    did not incur any ascertainable loss as a result of Defendants' conduct.

25    **Forty-seventh Defense**

26    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

27    manufacturing, labeling, packaging, and any advertising of the product complied with the

28    applicable codes, standards and regulations established, adopted, promulgated or approved by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-44-

1   any applicable regulatory body, including but not limited to the United States, any state, and

2   any agency thereof.

3                                   **Forty-eighth Defense**

4   48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if

5   the product labeling contained the information that Plaintiffs contend should have been

6   provided.

7                                   **Forty-ninth Defense**

8   49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

9   outweighed its risks.

10                                  **Fiftieth Defense**

11  50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

12  collateral sources.

13                                  **Fifty-first Defense**

14  51.    Defendants' liability, if any, can only be determined after the percentages of

15  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

16  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

17  claimants and each and every other person whose fault could have contributed to the alleged

18  injuries and damages, if any, of Plaintiffs .

19                                  **Fifty-second Defense**

20  52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

21  common law gives deference to discretionary actions by the United States Food and Drug

22  Administration under the Federal Food, Drug, and Cosmetic Act.

23                                  **Fifty-third Defense**

24  53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

25  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

26  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

27  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

28  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.   Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.   Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.   Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.   Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.   Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.   Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

### Fifty-ninth Defense

59.   Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixtieth Defense

60.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

### Sixty-first Defense

61.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-second Defense

62.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

### Sixty-third Defense

63.    Any injuries and damages suffered by Plaintiffs, which injuries and damages are expressly denied, are the direct and proximate result of Plaintiffs' own comparative and contributory negligence and Plaintiffs' recovery should be barred, or alternatively, reduced proportionately to Plaintiffs' own comparative negligence.

### Sixty-fourth Defense

64.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

### Sixty-fifth Defense

65.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL 600.2946(5).

### Sixty-sixth Defense

66.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

### Sixty-seventh Defense

67.    To the extent Plaintiffs prove that the products in question caused or contributed to any injury they may have suffered, which is denied by these Defendants, these Defendants should

not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

## Sixty-eighth Defense

68.     Defendants assert all of the protections and defenses afforded them, and Plaintiffs' claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL 600.2957 and MCL 600.2959.

## Sixty-ninth Defense

69.     The product alleged to have caused damages may not have been used in the manner and for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant to MCL 600.2947.

## Seventieth Defense

70.     Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs' percentage of comparative fault is greater than the aggregate fault of the Defendants and non-parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable, must be reduced in total or part pursuant to 600.2946(a).

## Seventy-first Defense

71.     The claims set forth in Plaintiffs' Complaint are barred in that the product in question was provided to a sophisticated user. In this case, the "user" would include any prescribing physician.

## Seventy-second Defense

72.     Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their alleged damages, injuries, and monetary losses.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Seventy-third Defense

73.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those within Plaintiffs' control or with full knowledge of Plaintiffs.

### Seventy-fourth Defense

74.    Any claims for punitive damages are barred in that they are not allowable under Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further violate Defendants' constitutional rights under the following clauses of the United States Constitution, as well as any similar provisions under the Michigan Constitution: Commerce Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines and Equal Protection.

### Seventy-fifth Defense

75.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

### Seventy-sixth Defense

76.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

### Seventy-seventh Defense

77.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® alleged to have been used by Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### Seventy-eighth Defense

78.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have its liability to the Plaintiffs, if any, reduced as a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   result of the negligence or fault of said persons or entities, pursuant to the provisions of §

2   768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§

3   768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants'

4   percentage of fault, taking into account the percentage of fault attributable to all other persons,

5   whether or not a party hereto, and not on the basis of joint and several liability.  The persons or

6   entities referred to in this paragraph that are presently unknown to Defendants will be identified

7   in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

8                              **Seventy-ninth Defense**

9   79.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

10  Practices Act ("FDUTPA").

11                                **Eightieth Defense**

12  80.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

13  FDUTPA claim is improper and should be dismissed.

14                              **Eighty-first Defense**

15  81.    The acts or practices of which Plaintiffs complain were and are required or specifically

16  permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

17  a claim, and should be dismissed with prejudice.

18                             **Eighty-second Defense**

19  82.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with

20  regard to Plaintiffs or otherwise.

21                              **Eighty-third Defense**

22  83.    In the event Plaintiffs recover a verdict or judgment against Defendants, then said

23  verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State

24  or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty,

25  replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed medical

26  expenses or other such economic loss, paid from any collateral source such as insurance, social

27  security, workers' compensation or employee benefit programs.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighty-fourth Defense**

84.     In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth statutes, the liability of Defendants, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiffs contend could have obtained personal jurisdiction with due diligence.

**Eighty-fifth Defense**

85.     In accordance with General Obligations Law 15-108, if Plaintiffs execute a release or a covenant not to sue for a tortfeasor in this action, Plaintiffs' damage claim against Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR 1401 et seq., whichever is greatest.

**Eighty-sixth Defense**

86.     The conduct of Defendants and all activities with respect to the subject products were fair and truthful based upon the knowledge existing at the relevant time alleged in the Complaint.  Therefore, Plaintiffs' claims under New York Business Corporation Law § 349 are barred.

**Eighty-seventh Defense**

87.     Plaintiffs' claims are barred and/or limited by Pennsylvania law.

**Eighty-eighth Defense**

88.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Pennsylvania, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Eighty-ninth Defense**

89.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

1    part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not

2    liable in any way.  Mo. Rev. Stat. § 537.765.

3                                      **Ninetieth Defense**

4    90.    The imposition of punitive damages in this case would violate Defendants' rights to

5    procedural due process under both the Fourteenth Amendment of the United States Constitution

6    and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate

7    Defendants' right to substantive due process under the Fourteenth Amendment of the United

8    States Constitution.

9                                     **Ninety-first Defense**

10   91.    Plaintiffs' claims for punitive damages are subject to all provisions of Missouri law.

11                                   **Ninety-second Defense**

12   92.    Defendants deny that they are liable for any damages in this case.  Defendants contend,

13   however, that any damage award to Plaintiffs that utilizes the Missouri joint and several

14   liability scheme would be unconstitutional, as this scheme is violative of Defendants' due

15   process and equal protection guarantees under the United States and Missouri Constitutions.

16   The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates

17   Defendants' due process guarantees because no legitimate state interest supports § 537.067,

18   and, furthermore, no rational relationship exists between a legitimate state interest and the

19   promotion of the Missouri joint and several liability scheme.  Additionally, the Missouri system

20   of assessing joint and several liability violates Defendants' equal protection guarantees because

21   it operates to create arbitrary classifications of individuals, and to treat similarly situated

22   individuals dissimilarly under the law.   The joint and several liability scheme is also

23   unconstitutionally void for vagueness under the United States and Missouri Constitutions.

24   Thus, the scheme is unconstitutional and should not be applied in this action.

25                                    **Ninety-third Defense**

26   93.    Defendants reserve the right to supplement their assertion of defenses as they continue

27   with their factual investigation of Plaintiffs' claims.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# V.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1     April 24, 2008                          GORDON & REES LLP

2

3                                             By: :_____/s/_____

4                                                 Stuart M. Gordon
                                                  sgordon@gordonrees.com
5                                                 Embarcadero Center West
                                                  275 Battery Street, 20th Floor
6                                                 San Francisco, CA 94111
                                                  Telephone:  (415) 986-5900
7                                                 Fax:  (415) 986-8054

8
      April 24, 2008                          TUCKER ELLIS & WEST LLP
9

10                                            By: :_____/s/_____

11                                                Michael C. Zellers
12                                                michael.zellers@tuckerellis.com
                                                  515 South Flower Street, Suite 4200
13                                                Los Angeles, CA 90071
                                                  Telephone:  (213) 430-3400
14                                                Fax:  (213) 430-3409

15                                                Attorneys for Defendants
                                                  PFIZER INC., PHARMACIA
16                                                CORPORATION, and G.D. SEARLE
                                                  LLC
17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY DEMAND**

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  April 24, 2008                                    GORDON & REES LLP

6

7                                                    By: :_____/s/_____

8                                                         Stuart M. Gordon
                                                         sgordon@gordonrees.com
9                                                         Embarcadero Center West
                                                         275 Battery Street, 20th Floor
10                                                        San Francisco, CA  94111
                                                         Telephone:  (415) 986-5900
11                                                        Fax:  (415) 986-8054

12

13  April 24, 2008                                   TUCKER ELLIS & WEST LLP

14

15                                                   By: :_____/s/_____

16                                                        Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
17                                                        515 South Flower Street, Suite 4200
                                                         Los Angeles, CA 90071
18                                                        Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409

19
                                                         Attorneys for Defendants
20                                                        PFIZER INC., PHARMACIA
                                                         CORPORATION, and G.D. SEARLE
21                                                        LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111